IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BENNIE BERNARD GRAYSON,

*Plaintiff*,

v.

GEORGE IVEY, *et al.*,

*Defendants*.

CIVIL ACTION NO.
5:19-cv-00193-TES-CHW

ORDER ADOPTING
REPORT AND RECOMMENDATION

Before the Court is the United States Magistrate Judge's Report and

Recommendation ("R&R") [Doc. 31] on Defendants' Motions for Summary Judgment

[Doc. 26] [Doc. 28]. Plaintiff primarily alleges that Defendants were deliberately

indifferent to Plaintiff's serious medical needs when they failed to provide him with a

shower chair during his 12-day confinement at Hancock State Prison ("HSP"). [Doc. 31,

pp. 1–2].

The magistrate judge recommends that the Court grant Defendants' summary

judgment as to Plaintiff's claims for compensatory and punitive damages and Plaintiff's

Eighth Amendment claims on grounds of qualified immunity. [*Id.*, p. 1]. However, the

magistrate judge further recommends the Court deny Defendants' summary judgment

motions as to Plaintiff's claims under the Americans with Disabilities Act ("ADA"), and

the Rehabilitation Act ("RA") against Defendants in their official capacities.[1] [*Id.*].

After reviewing the magistrate judge's R&R, Defendants timely filed their

objections pursuant to 28 U.S.C. § 636(b)(1) arguing that Plaintiff's ADA and RA claims

should also be dismissed and that the Court should find additional grounds for

dismissing Plaintiff's § 1983 claims and limiting recoverable damages. [Doc. 32]; [Doc.

33].

As such, this Court conducted a de novo review of the portions of the R&R to

which objections were made, and for the reasons discussed below, **ADOPTS** the

magistrate judge's R&R. 28 U.S.C. § 636(b)(1)(C).

## BACKGROUND

Plaintiff, whose right leg is amputated below the knee, was confined at HSP from

December 7, 2017, until December 19, 2017. [Doc. 26-5, p. 2]. During his confinement at

HSP, Plaintiff repeatedly requested and was not provided shower equipment needed

for his disability. Plaintiff took two showers while at HSP and fell both times, requiring

medical treatment. The six Defendants were all employees at HSP during the relevant

period.

---

[1] Individuals employed by a correctional facility cannot be sued under either the ADA or RA. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1172 (11th Cir. 2003). Claims against employees in their "official capacities" are, in essence, against a "public entity," the Georgia Department of Corrections. *See, e.g.,* *Edison v. Douberly*, 604 F.3d 1307, 1308 (11th Cir. 2010).

Under frivolity review, the Court dismissed Plaintiff's § 1983 damages claims against Defendants in their official capacities; his § 1983 claims for injunctive relief; his § 1983 claim against Defendant Bryson in his individual capacity; and his ADA and RA claims against all Defendants in their individual capacities - all without prejudice. [Doc. 15, p. 2]. However, the Court determined that these successive falls, along with Defendants' alleged failure to accommodate Plaintiff's disability, supported claims against Defendants in their individual capacity under § 1983, as well as his claims against all Defendants in their official capacity pursuant to the ADA and RA. [*Id.*, p. 3]. Now at the summary judgment stage, Defendants move to dismiss Plaintiff's remaining claims. [Doc. 26]; [Doc. 28].

## DISCUSSION

### A.     Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmovant and a fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering this motion, "the evidence of the [nonmovant] is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Id.* at 255. However, the Court need not draw "all possible inferences" in favor of the nonmovant. *Horn v.*

*United Parcel Servs., Inc.*, 433 F. App'x 788, 796 (11th Cir. 2011).

The movant "bears the initial burden of informing the district court of the basis

for its motion[] and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it

believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS*

*Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). The burden then shifts to the nonmovant "to rebut that showing by

producing affidavits or other relevant and admissible evidence beyond the pleadings."

*Jones*, 683 F.3d at 1292 (quoting *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d

1292, 1315 (11th Cir. 2012)).

**B.      Plaintiff's § 1983 Claims and Compensatory Damages**

First, issues concerning the R&R upon which no specific objections are raised do

not require de novo review. 28 U.S.C. § 636(b)(1). Plaintiff has filed no objections to the

magistrate judge dismissing his § 1983 claims or limiting his recovery to nominal

damages; therefore, the Court reviews those portions of the R&R for clear error. 28

U.S.C. § 636(b)(1)(A). The Court finds those portions of the R&R were not clearly

erroneous. Therefore, the Court adopts the recommendation to grant summary

judgment as to Plaintiff's § 1983 claims, and Plaintiff may only recover nominal

damages should he ultimately prevail in this action.

C.      **Plaintiff's ADA and RA Claims**

In their motions for summary judgment, Defendants failed to address the

elements of an alleged ADA or RA violation. Instead, Defendants argued that Eleventh

Amendment immunity bars Plaintiff's ADA claims and, because Plaintiff cannot show

deliberate indifference, Plaintiff cannot recover compensatory damages. [Doc. 31, p. 8].

However, as explained in greater detail below, sovereign immunity does not bar

Plaintiff's ADA claims and, even if it did, Plaintiff's RA claims may still go forward

rendering the issue unnecessary to resolve. Further, as the Court has already limited

Plaintiff to recovering only nominal damages under the Prison Litigation Reform Act,

the Court need not find additional grounds for its decision.

Because "causes of action under Title II of the ADA and the Rehabilitation Act

are essentially identical," the claims will be considered simultaneously. *R.W. v. Bd. of*

*Regents of the Univ. Sys. of Georgia*, 114 F. Supp. 3d 1260, 1282 (N.D. Ga. 2015) (quoting

*Everett v. Cobb County Sch. Dist.*, 138 F.3d 1407, 1409 (11th Cir. 1998)); *Wilson v. Smith,*

567 F. App'x 676, 678–79 (11th Cir. 2014); *Badillo v. Thorpe*, 158 F. App'x 208, 214 (11th

Cir. 2005)("[ . . . ] the RA uses the same standards as the ADA, and therefore, cases

interpreting either are applicable and interchangeable.").

Title II of the ADA states that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of

the services, programs, or activities of a public entity, or be subjected to discrimination

by any such entity." 42 U.S.C. § 12132; *Bircoll v. Miami-Dade Cty.*, 480 F.3d 1072, 1081

(11th Cir. 2007); *Atchison v. Bd. of Regents of the Univ. Sys. of Georgia*, No. 1:13-CV-02922-

TCB, 2014 WL 12013430, at *5 (N.D. Ga. Nov. 13, 2014). A "qualified individual with a

disability" is "an individual with a disability who, with or without reasonable

modifications . . . or the provision of auxiliary aids and services, meets the essential

eligibility requirements for the receipt of services or the participation in programs or

activities provided by a public entity." 42 U.S.C. § 12131(2). Likewise, Section 504 of the

Rehabilitation Act states:

> No otherwise qualified individual with a disability in the United States . . .
> shall, solely by reason of her or his disability, be excluded from the
> participation in, be denied the benefits of, or be subjected to discrimination
> under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794(a); *R.W.*, 114 F. Supp. 3d at 1282. Title II of the ADA has been held to

apply to a disabled prisoner where he is denied participation in an activity or program

provided in a state prison due to his disability. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206,

211, 213 (1998); *Johnson v. Bryson*, No. 5:16-CV-453-CAR-MSH, 2017 WL 3951602, at *1

(M.D. Ga. Sept. 8, 2017).

Title II of the ADA validly abrogates state sovereign immunity "insofar as [it]

creates a private cause of action . . . for conduct that actually violates the Fourteenth

Amendment." *United States v. Georgia*, 546 U.S. 151, 159 (2006). But persuasive Eleventh

Circuit case law suggests that Title II does not entail a valid abrogation unless the

conduct actually violates the Constitution itself. *Redding v. Georgia,* 557 F. App'x 840, 845

(11th Cir. 2014) ("Redding's allegations did not show that the defendants' conduct

violated Redding's constitutional rights, so they were entitled to Eleventh Amendment

immunity against his ADA claims"); *Siskos v. Secretary*, No. 19-10799, 2020 WL 2988850,

at *4 (11th Cir. June 4, 2020). Accordingly, Plaintiff's claims under the ADA require an

actual constitutional violation to succeed, in this factual context, an Eighth Amendment

violation.

The Eighth Amendment prohibits the "inflict[ion]" of "cruel and unusual

punishments." U.S. Const. amend VIII. Jail officials are deliberately indifferent when

they "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Farmer v.

Brennan*, 511 U.S. 825, 837 (1994). "As a society, we have grown increasingly sensitive to

the need to accommodate individuals with disabilities," and courts have repeatedly

found that the failure to provide handicapped-accessible facilities to inmates may

violate the Constitution. *Stoudemire v. Michigan Dept. of Corr.*, 614 F.App'x 798, 803 (6th

Cir. 2015) (*quoting Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998)) (collecting cases).

The safety risks associated with denying a disabled prisoner, with an amputated leg,

shower equipment needed for his disability are obvious. Further, Plaintiff repeatedly

fell in the shower, and Plaintiff has presented evidence that Defendants knew of the risk

and disregarded it. Accordingly, a triable issue of fact exists regarding whether the

failure to provide Plaintiff an adequate shower facility resulted in the violation of his

constitutional rights. Therefore, drawing all inferences and construing the evidence in

the light most favorable to the Plaintiff, his ADA claims may proceed to trial. *Anderson*., 477 U.S. at 255.

Further, even if the ADA claims were barred by Eleventh Amendment immunity, Plaintiff's claims under the RA are not protected by sovereign immunity. The RA, enacted pursuant to Congress's Spending Clause power, provides:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 ... or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

42 U.S.C. § 2000d-7. The Eleventh Circuit, in *Garrett v. University of Alabama at Birmingham Board of Trustees*, held that state agencies waive their immunity under the Eleventh Amendment upon receipt of federal funds. 344 F.3d 1288, 1293 (11th Cir. 2003). Defendants have not argued or provided any evidence that the GDOC does not receive federal funding. *See* [Doc. 31, p. 8 n.1]. Additionally, as Plaintiff's RA claims proceed, it is immaterial whether Title II of the ADA abrogates the state's immunity to suit. *See Arenas v. Ga. Dep't of Corr.,* No. CV416-320, 2018 WL 988099, at *9 (S.D. Ga. Feb. 20, 2018) (citing *Gaylor v. Ga. Dep't of Nat. Res*., No. 2:11-cv-288, 2013 WL 4790158, at *3 (N.D. Ga. Sept. 6, 2013)); *Bennet-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 455 (5th Cir. 2005) ("[H]aving already held that sovereign immunity does not bar the appellants' claim under [the RA], we need not address at this juncture the issue of abrogation

under Title II of the ADA, because the rights and remedies under either are the same for

purposes of this case.").

For the reasons explained above, the Court **OVERRULES** Defendants' Objections

that they are entitled to summary judgment on the merits of Plaintiff's deliberate

indifference claims and are entitled to Eleventh Amendment immunity on Plaintiff's

ADA claims based upon Plaintiff's inability to establish a constitutional violation. [Doc.

32, p. 5]. Further, as the Court has already limited Plaintiff's recovery to nominal

damages, the Court **OVERRULES as moot** Defendants' Objection that the magistrate

judge failed to find an independent ground for denying compensatory damages

because Plaintiff could not establish that the Defendants intentionally violated his rights

under the ADA and RA. [*Id.*, pp. 5–6].

## CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the United States

Magistrate Judge's Report and Recommendation [Doc. 31]. Accordingly, the Court

**GRANTS in part** and **DENIES in part** Defendants' Motions for Summary Judgment

[Doc. 26]; [Doc. 28], and this action shall proceed to trial for the resolution of Plaintiff's

ADA and RA claims for nominal damages only.

**SO ORDERED**, this 22nd day of July, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**